**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KAREN BEASLEY, | : CIVIL ACTION – LAW |
| | : NO.: |
| | : |
| Plaintiff, | : |
| vs. | : |
| | : |
| ADVANCED AUDIO VISUAL, INC., | : |
| d/b/a/ ADVANCED STAGING | : |
| PRODUCTIONS and | : |
| STEPHEN WILDEMANN, | : |
| | : |
| Defendants. | : JURY TRIAL OF 12 DEMANDED |

## COMPLAINT

## NATURE OF THE ACTION

1.      This is an action under the Taxpayer First Act, 26 U.S.C. Sec. 7623(d), and state law, for retaliatory termination of employment for reporting tax underpayment.

2.      Plaintiff Karen Beasley is a sixty-three year old, experienced accountant who worked for Defendants as Controller from January 2022 until her abrupt termination on October 2, 2025 immediately after reporting information regarding underpayment of federal and state taxes to her supervisor, Defendant Stephen Wildemann, and after threatening to become a whistle blower.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter under 28 U.S.C. §1331 because it arises under the laws of the United States, specifically the Taxpayer First Act, 26 U.S.C. Sec. 7623(d).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

1

4.      Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BACKGROUND FACTS

5.      Plaintiff Karen Beasley is a resident and citizen of the Commonwealth of Pennsylvania who lives at 64 North Danbury Circle, Coatesville, PA 19320.

6.      Defendant Advanced Staging Productions is a fictitious name used by Defendant Advanced Audio Visual, Inc. which has its place of business at 905 Airport Road, Suite 400, West Chester, Pennsylvania 19380 (collectively "Advanced.")

7.      Advanced is in the business of producing large events around the United States, using audio and visual technology, lighting design and staging.

8.      Defendant Stephen Wildemann is the CEO/Owner of Advanced.

9.      As Defendants' Controller, Plaintiff became aware that Defendants were failing to pay taxes owed to the United States as well as to state and local jurisdictions.  Plaintiff raised her concerns with Defendants' outside accountants, but they did not cause Defendants' to change their behavior.

10.     On October 2, 2025 Plaintiff raised with Defendant Wildemann the fact that Advanced was violating federal, state and local income tax laws in two respects.  First, Advanced had disguised compensation for one of its executives as an expense reimbursement, and had failed to withhold federal, state and/or local income taxes on that payment.  Second, Advanced had a longstanding practice of failing to withhold state and local taxes when it produced events in states other than Pennsylvania, on the workers who worked on those events.

11.     For example, Defendants were paid $1.5 million to produce Columbia University's graduation ceremony, and a large part of the payment was for services of employees performed in New York City, New York.  New York City and State have high wage taxes which should have been withheld and paid but were not.  Defendants have also produced events in other high tax jurisdictions, such as California, without withholding and paying the required taxes.

12.     Plaintiff objected to Defendants' practice of failing to withhold and pay federal, state and local taxes that were due in a meeting with Defendant Wildemann on October 2, 2025. When Wildemann indicated that he intended to ignore her objections, Plaintiff said that she could be a whistleblower in order to try to get him to take her complaints seriously.  Wildemann immediately became angry and told Plaintiff that he was disappointed that she would go that route.

13.     Plaintiff became upset in the October 2 meeting because of the angry way Wildemann reacted to her and began crying.  She asked Wildemann if she could take the rest of the day off and he said that she should take all of the time she needed.  At no time did Plaintiff resign or in any way indicate that she would not continue her employment with Defendants.  In fact Plaintiff could not afford to resign as she has a mortgage and a daughter to support and no other income.

14.     After Plaintiff went home on October 2, 2025 Defendant Wildemann emailed her that he accepted her resignation, which Plaintiff took as a termination notice.

15.     On October 3, 2025, Defendant Wildemann falsely announced to the rest of the Company that Complaint had resigned.  When other employees contacted Plaintiff she told them that she had not resigned.

3

16. Several weeks later Defendants sent Plaintiff a proposed separation package, which she did not accept.

17. Plaintiff then retained counsel, who contacted Defendants and spoke to their outside attorney. That attorney confirmed that Plaintiff had been terminated.

18. Plaintiff filed a complaint with the Secretary of Labor/OSHA on November 13, 2025. More than 180 days has elapsed since the filing of that complaint and the Secretary has not issued a final decision.

## APPLICABLE LAW

19. Plaintiff submits this Complaint pursuant to Section 1405(b) of the Taxpayer First Act, 26 U.S.C. Sec. 7623(d), which makes it unlawful for an employer or agent of an employer to retaliate against an employee for reporting to the employee's supervisor any information regarding underpayment of tax or other violation of the internal revenue laws or any federal law relating to tax fraud.

20. New York State Finance Law Section 191 provides that where an employee is discharged for any lawful act done as part of an effort to stop an employer from violating New York's tax laws, the employee is entitled to reinstatement, two times her back pay with interest, compensatory damages, costs and attorneys' fees.

21. California Labor Code Section 1102.5 provides that if an employer or its agent retaliates against an employee for disclosing information to her supervisor regarding violation or noncompliance with federal, state or local law, the employee is entitled to reinstatement, compensatory and punitive damages, costs and attorney's fees and a civil penalty.

4

# COUNT I

## TAXPAYER FIRST ACT RETALIATION

22.    Plaintiff incorporates the foregoing paragraphs herein by reference.

23.    Defendants have violated the Taxpayer First Act by terminating Plaintiff because she reported information regarding violation of tax laws by failure to properly withhold and pay taxes due on compensation earned by Defendants' employees, and because she stated that she could become a whistleblower.

24.    Plaintiff has been damaged by Defendants' violation of the Taxpayer First Act, having incurred lost pay and benefits and incurred significant emotional distress, humiliation and mental anguish.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to 200 % of back pay, front pay; (2) compensatory damages; (3) equitable relief such as employment, reinstatement or promotion; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits he would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

# COUNT II

## NEW YORK STATE FINANCE LAW SECTION 191

25.    Plaintiff incorporates the foregoing paragraphs herein by reference.

26.    Defendants have violated the New York State Finance Law Section 191 by terminating Plaintiff's employment in retaliation for her lawful acts done to stop Defendants

from violating New York tax laws, specifically laws requiring Defendants to withhold and remit taxes for work done by Defendants' employees within the State of New York.

27.    Plaintiff has been damaged by Defendants' violation of the law, having incurred lost pay and benefits and incurred significant emotional distress, humiliation and mental anguish.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to 200 % of back pay, front pay; (2) compensatory damages; (3) equitable relief such as employment, reinstatement or promotion; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) reinstatement to her former position (with all back benefits he would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT III

### CALIFORNIA LABOR CODE SECTION 1102.5

28.    Plaintiff incorporates the foregoing paragraphs herein by reference.

29.    Defendants have violated the California Labor Code Section 1102.5 by terminating Plaintiff's employment in retaliation for disclosing information to her supervisor regarding violation or noncompliance with federal, state or local law, specifically information that Defendants were failing to withhold and remit taxes due to the State of California and municipalities within California for work done by Defendants' employees within the State of California.

30.    Plaintiff has been damaged by Defendants' violation of the law, having incurred lost pay and benefits and incurred significant emotional distress, humiliation and mental anguish.

6

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back pay, front pay; (2) compensatory and punitive damages; (3) equitable relief such as employment, reinstatement or promotion; (4) a reasonable attorney's fee; (5) Plaintiff's expert witness fee, if any; (6) a civil penalty; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.


Date: May 28, 2026                    By:  /s/ M. Frances Ryan
                                                 M. Frances Ryan
Wusinich, Sweeney & Ryan, LLC
102 Pickering Way, Suite 403
Exton, PA  19341
(610) 594-1600
mfrancesryan@wusinichsweeney.com
*Attorney for Plaintiff*